ROBERT DALE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dale v. Commissioner
Docket No. 11212-78.
United States Tax Court
T.C. Memo 1982-654; 1982 Tax Ct. Memo LEXIS 92; 45 T.C.M. (CCH) 80; T.C.M. (RIA) 82654; November 15, 1982. George W. Reynolds, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned pursuant to the provisions of section 7456(c) [1] of the Code and Rules 180 and *93 181 [2] to Special Trial Judge John J. Pajak for purposes of conducting the hearing on petitioner's Motion for Summary Judgment. After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on petitioner's Motion for Summary Judgment filed on May 11, 1982. On August 25, 1982, respondent filed a notice of objection and an affidavit in opposition to petitioner's motion. The case came on for hearing on September 8, 1982, in Philadelphia, Pennsylvania. Respondent appeared by his counsel and argued in opposition to the motion. Although there was no appearance by or on behalf of petitioner, the Court had before it two memoranda and a number of attached exhibits filed by petitioner in support of his motion. At the conclusion of the hearing, the motion was taken under advisement. Petitioner's 1971 Federal income tax *94 return was filed on June 15, 1972, with the Internal Revenue Service, Andover, Massachusetts. By notice of deficiency dated June 30, 1978, respondent determined a deficiency in petitioner's 1971 Federal income tax in the amount of $167,968.24, and an addition to tax under section 6653(b) in the amount of $83,984.12. The deficiency was based on respondent's determination that petitioner failed to report $259,525.00 in gross income from the sale of narcotic pills. Respondent allowed petitioner an additional deduction of $1,259.08 for purchases. Petitioner had filed a prior motion for summary judgment in this case. That motion, filed on March 19, 1981, was based on the ground that since the notice of deficiency was not mailed until June 30, 1978, the assessment and collection of the deficiency and the addition to tax were barred by the three year statute of limitation provided in section 6501(a). This argument was rejected by the Court in , in part because the statute of limitations was not properly pleaded in the original petition as required by Rule 39. On October 9, 1981, petitioner filed an amended petition in which *95 he properly pleaded the statute of limitations as a bar to the assessment. Thereafter, petitioner filed the present motion for summary judgment which is largely repetitive of his prior motion. Rule 121(b) provides in pertinent part that summary judgment may be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." In , we held that there are a number of material issues of fact which preclude summary judgment in petitioner's case, such as the question of whether petitioner had the intent to commit fraud when he filed his 1971 return, the question of whether he was under duress or was coerced by respondent, and the question of whether, when and to what extent he was mentally incompetent so to make his consents to extend the statute of limitations invalid. [3] Each of these questions separately remains as a proper ground for denying summary judgment in this case. *96 Nevertheless, we deem it appropriate to address other grounds why we cannot grant summary judgment here. Section 6501(a) provides as a general rule that "Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed * * *." The "otherwise provided" exceptions in section 6501 relevant to our discussion are in subsections (c)(4) and (e)(1). Section 6501(c)(4) provides for the extension of the period of limitations by written consents of the parties. [4] Attached to respondent's Notice of Objection are copies of three separate Forms 872, Consent Fixing Period of Limitation Upon Assessment of Income Tax. Each of these forms was signed by petitioner and respondent. [5] The three year statute of limitations would have run on June 15, 1975. Before that date, a form was signed by petitioner on June 7, 1975, and by respondent on June 11, 1975, to extend the period of assessment to June 30, 1976. A second form was signed by petitioner on May 10, 1976, and by respondent on May 13, 1976, to extend the period to September 30, 1977. If there had been no further consent, the six year statute of limitations *97 under section 6501(e)(1) would have expired on June 15, 1978. [6] The third form was signed by petitioner on September 13, 1977, and by respondent on September 26, 1977, to extend the period to June 30, 1978, the date the notice of deficiency was mailed. *98 We acknowledge that petitioner is correct in stating that the notice of deficiency was not mailed until 6 years and 15 days after his 1971 return was filed. [7] This fact alone, however, does not mean that the statute of limitations has run. Section 301.6501(e)-1(c), Proced. and Admin. Regs., provides that the "provisions of this section do not limit the application of section 6501(c)." In short, the six year statute may be extended by written agreement between the parties if the other requirements of section 6501(e)(1) are met. . As noted above, the third Form 872 was signed by petitioner on September 13, 1977, and by respondent on September 26, 1977. This consent agreement was clearly executed within six years after the filing of petitioner's 1971 return. Regardless of whether the first two forms are valid, if the third form is valid, the six year statute of limitations *99 may have been timely extended to June 30, 1978, the date of the notice of deficiency. As we have held, the validity of this extension is a material question of fact. Similarly, the question of whether petitioner omitted in excess of 25 percent of the amount of gross income stated on his 1971 return is a question of material fact which renders summary judgment inappropriate. Lastly, there remain the questions of whether each of the Forms 872 is regular on its face and whether the respondent reasonably relied on the forms signed by petitioner. If both conditions are satisfied, petitioner should be precluded by "the application of estoppel or some cognate doctrine" from attacking the validity of the forms even if he proves he was incompetent when he signed them. ; see also , affd. per curiam, ; . These material questions of fact preclude a decision as a matter of law. For each of the reasons stated above, petitioner's Motion for Summary Judgment must *100 be denied. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 in effect on June 30, 1978, the date on which the notice of deficiency was mailed. ↩
2. All references to a Rule are to the Tax Court Rules of Practice and Procedure.↩
3. Among the exhibits filed with the present motion, petitioner included what he represents to be a United States District Court Order declaring him incompetent. The Order appears to be incomplete on its face, but in any event the question of incompetency is a material question of fact.↩
4. Section 6501(c)(4) provides in pertinent part that: EXTENSION BY AGREEMENT.--Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title * * * both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. ↩
5. Petitioner and his wife had filed a joint return for 1971 and she signed each of the consents as of the day he did. ↩
6. Section 6501(e)(1) provides in pertinent part that: "If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed * * * at any time within 6 years after the return was filed.↩
7. In effect, respondent also recognizes this fact since he admits in his Answer to Amendment to Petition, filed November 30, 1981, that the 1971 tax return was filed on June 15, 1972, and that the notice of deficiency was dated June 30, 1978.↩